IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JOSHUA PARRISH, | * |
| Plaintiff, | * |
| vs. | * |
| ROUNDPOINT MORTGAGE SERVICING CORPORATION and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | *  CASE NO. 4:17-CV-136 (CDL) |
| Defendants. | * |

O R D E R

Plaintiff originally filed this action against Defendants in the Superior Court of Muscogee County and requested that they waive service. Notice of Removal Ex. 1, Superior Court Pleadings 21–22, ECF No. 1-1. Defendants declined and removed the case to this Court on June 21, 2017. Notice of Removal, ECF No. 1. Defendants immediately filed a motion to dismiss Plaintiff's complaint, arguing, *inter alia*, that Plaintiff had failed to perfect service. Defs.' Mot. to Dismiss 4, ECF No. 2-1. The Court then ordered Plaintiff to serve Defendants as required by law within 90 days of removal and informed the Plaintiff that failure to do so would result in dismissal of his complaint. Order Granting Mot. to Stay, ECF No. 8. Over 90 days have elapsed since Plaintiff's case was removed to this Court, and Plaintiff has not yet filed proof that he served

either Defendant. Plaintiff has, however, filed a return of summons indicating that he served Defendants' counsel of record and a motion to declare service perfected on that ground or, in the alternative, to order service by publication. For the reasons explained below, the Court denies Plaintiff's motion (ECF No. 14) and grants Defendants' motion to dismiss (ECF No. 2).

DISCUSSION

The Federal Rules of Civil Procedure prescribe the proper methods in federal court for perfecting service on a corporation. They require a plaintiff to "serve process on a corporation by delivering the summons and complaint to an officer or authorized agent, or by complying with any means allowed under state law." *Hunt v. Nationstar Mortg., LLC*, 684 F. App'x 938, 940 (11th Cir. 2017) (per curiam) (citing Fed. R. Civ. P. 4(h)(1)). "When service of process is challenged, [the plaintiff] must bear the burden of establishing its validity." *Reeves v. Wilbanks*, 542 F. App'x 742, 746 (11th Cir. 2013) (per curiam) (alteration in original) (quoting *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)). Plaintiff has failed to establish that he effected valid service on either Defendant under Georgia or federal law.

The only evidence Plaintiff has submitted to the Court to show that he validly served Defendants is a return of service indicating that his process server personally served Defendants' counsel of record. *See* Return of Service, ECF No. 12. Under Georgia law, a plaintiff must personally serve a corporation's "president or other officer . . . , a managing agent thereof, or a registered agent thereof," if the action is against "a foreign corporation authorized to transact business in this state." O.C.G.A. § 9-11-4(e)(1)(A); *see also Cherokee Warehouses, Inc. v. Babb Lumber Co.*, 535 S.E.2d 254, 255 (Ga. Ct. App. 2000) (holding that, when available, service must be personally delivered to an individual listed in § 9-11-4(e)(1)(A)). But "[s]ervice on an attorney is not permitted where personal service is required." *Estate of Thurman v. Dodaro*, 313 S.E.2d 722, 725 (Ga. Ct. App. 1984). It follows that Plaintiff has not perfected valid service on Defendants under Georgia law. Nor will service upon a party's attorney suffice under federal law. *Ransom v. Brennan*, 437 F.2d 513, 519 (5th Cir. 1971) ("[S]ervice of process is not effectual on an attorney solely by reason of his capacity as attorney.").[1] Further, "[a] defendant's actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

3

curiam). The Court thus finds on the current record that Plaintiff has failed to effect valid service on either defendant.

The Court also declines the Plaintiff's request for permission to serve Defendants by publication. "Because service by publication raises due process concerns and is a 'notoriously unreliable means of actually informing interested parties about pending suits,' it must be accomplished as provided by the statute and 'substantial compliance' is insufficient." *Vasile v. Addo*, 800 S.E.2d 1, 4 (Ga. Ct. App. 2017) (first quoting *Baxley v. Baldwin*, 631 S.E.2d 506, 509 (Ga. Ct. App. 2006); and then quoting *Hutcheson v. Elizabeth Brennan Antiques & Interiors, Inc.*, 730 S.E.2d 514, 517 (Ga. Ct. App. 2012)). Under Georgia law, an order for service by publication may only be granted if it appears "by affidavit, to the satisfaction of the judge," that "the person on whom service is to be made . . . cannot, after due diligence, be found within the state, or conceals himself or herself to avoid the service of the summons." O.C.G.A. § 9-11-4(f)(1)(A).[2] "[T]he constitutional prerequisite for allowing such service . . . is a showing that reasonable diligence has been exercised in attempting to

---

[2] Georgia law also allows service by publication if the person on whom service is to be made resides outside the state or has departed from the state if "the present address of the party is unknown." O.C.G.A. § 9-11-4(f)(1)(A). The simple fact that Plaintiff originally mailed a copy of the complaint to both Defendants at their corporate headquarters indicates that this provision does not apply.

4

ascertain their whereabouts." *Abba Gana v. Abba Gana*, 304 S.E.2d 909, 912 (Ga. 1983). The party seeking service by publication must "exercise[] due diligence in pursuing every available channel of information." *Floyd v. Gore*, 555 S.E.2d 170, 174 (Ga. Ct. App. 2001). The Court finds that Plaintiff has failed to carry this burden.

Although Plaintiff's motion contains various *arguments* as to why he has been unable to serve Defendants within this state, Plaintiff has not presented the Court with any *evidence*, such as an affidavit, showing that he exercised reasonable diligence to personally serve Defendants. And all reasonable inferences indicate that Plaintiff would have been able to personally serve Defendants' had he tried. Because the Plaintiff has failed to show that he exercised reasonable diligence in locating and personally serving the Defendants or their registered agents, his request for service by publication is denied.

CONCLUSION

Plaintiff's motion (ECF No. 14) is denied in its entirety, and Defendants' motion to dismiss (ECF No. 2) is granted. Plaintiff's complaint is dismissed without prejudice.

IT IS SO ORDERED, this 29th day of September, 2017.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA